UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MALEK JALAL, :
:
:
Plaintiff, :
: 19-CV-11963 (VSB)
- against - :
: **ORDER**
:
:
ELANA BAJIC, IVY EXEC, Inc., :
:
Defendants. :
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/2020

<u>VERNON S. BRODERICK</u>, United States District Judge:

  I am in receipt of pro se Plaintiff's letter of October 6, 2020, dismissing the case voluntarily and requesting that the case be sealed. (Doc. 7.) Pro se filings are construed liberally and are held to less stringent standards than those drafted by attorneys. *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (holding that Courts read the pleadings, briefs, and opposition papers of pro se litigants "liberally and interpret them 'to raise the strongest arguments that they suggest.'")(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that the submissions of pro se litigants are " held ' to less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). Accordingly, I interpret pro se Plaintiff's request "that my case 1:2019cv11963 removed from the court and public records, and for it not to be public on Justia or viewable on the internet" as a motion to seal the case.

  The Second Circuit has applied the First Amendment presumptive "right of access" to civil proceedings, motions and the documents related upon for those motions, and docket sheets. *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163–64 (2d Cir. 2013). "What offends the

First Amendment is the attempt to [exclude the public] without sufficient justification.  Thus, the presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id*. at 165 (internal quotation marks and citations omitted).  The public also has a "common-law right of access to judicial records.  The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (internal quotation marks and citations omitted) (listing cases).  "In most cases, a judge must carefully and skeptically review sealing requests to insure [sic] that there really is an extraordinary circumstance or compelling need." *In re Onion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

Plaintiff has not submitted anything in support of the request to seal the case.  Plaintiff merely filed a two sentence letter dismissing the case and asking that the case record be sealed.  Even giving deference to a pro se Plaintiff, Plaintiff's submission is insufficient to carry the burden of demonstrating that the case should be sealed.  Accordingly, it is hereby:

ORDERED that pro se Plaintiff's request to seal the case is DENIED.

IT IS FURTHER ORDERED that the case is dismissed.

The Clerk is respectfully directed to mail a copy of this Order to the pro se Plaintiff, and close the case .

SO ORDERED.

Dated:  November 5, 2020
        New York, New York

_____
Vernon S. Broderick
United States District Judge